UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80235-CIV-CANNON/Reinhart

**JOSEPH RAGUSA**,

    Plaintiffs,

v.

**KILOLO KIJAKAZI**,
Acting Commissioner of Social Security,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation [ECF No. 18]. The Court referred this case to Magistrate Judge Bruce E. Reinhart for a Report and Recommendation on any dispositive matters [ECF Nos. 2, 10]. On February 15, 2022, Judge Reinhart issued a Report ("R&R") recommending that the Court deny Plaintiff's Motion for Summary Judgment [ECF No. 16], grant Defendant's Motion for Summary Judgment [ECF No. 17], and affirm the ALJ's decision [ECF No. 18 p. 23]. Plaintiff timely filed Objections to the Report and Recommendation [ECF No. 19], to which Defendant responded [ECF No. 20].

The Court has conducted a *de novo* review of the R&R, Plaintiff's Objections thereto, and the record, and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)).

In the R&R, Judge Reinhart recommended that the Court affirm the ALJ's decision, which relied upon vocational expert testimony, offered by Lorin Lovely, who utilized the "equal distribution" methodology to estimate the number of available jobs in the national economy for certain occupations (housekeeper, sandwich board carrier, and cashier) [ECF No. 18 pp. 17–20].

Plaintiff raises two primary objections to the R&R, neither of which warrants rejecting the well-reasoned Magistrate Report.

First, Plaintiff argues that the vocational expert's testimony was not based on substantial evidence because the "equal distribution method" is not reliable [ECF No. 19 pp. 1–9]. Plaintiff objects that Judge Reinhart's R&R misinterpreted the Eleventh Circuit's decision in *Goode v. Commr. of Soc. Sec.*, 966 F.3d 1277, 1284 (11th Cir. 2020), as endorsing the equal distribution method [ECF No. 19 p. 2]. Defendant responds that the Eleventh Circuit in *Goode* "recognized the equal distribution method as an available, though not the exclusive, method for a vocational expert to use, in conjunction with his knowledge and expertise, for determining the number of jobs available in the national economy" [ECF No. 20 p. 4].

Second, Plaintiff argues that there is an apparent conflict between the ALJ's finding that Plaintiff could perform the job of sandwich board carrier and the Dictionary of Occupational Titles description, which states that sandwich board carriers are "constantly" exposed to weather [ECF No. 19 p. 10; ECF No. 16-1 p. 3]. According to Plaintiff, this is in tension with an earlier ALJ finding that Plaintiff cannot work in "extreme cold/heat, humidity, wetness, fumes, odors, gases, dust and other pulmonary irritants" because of his disability [ECF No. 19 pp. 10–11]. Defendant responds that no such conflict exists because the Dictionary of Occupational Titles "specifically provides that the job of sandwich board carrier does not require any exposure to

extreme cold or heat, wetness or humidity, or atmospheric conditions" [ECF No. 20 p. 5 (citing DOT # 299.687-014, 1991 WL 672646)].

Upon review of the full record and cited authorities, the Court agrees with Defendant that the Eleventh Circuit, while not endorsing the efficacy of the equal distribution method, has indicated that it is one permissible method that vocational experts may use in conjunction with their knowledge and expertise to estimate the number of jobs available in the national economy for a particular type of job within a broader category. *See Goode*, 966 F.3d at 1284. Nor does the Court find any apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles job description of "sandwich board carrier." The description explicitly excludes the conditions in which Plaintiff cannot work, such as extreme heat or cold. Accordingly, the Court agrees with the analysis and conclusions in the Report and Recommendation and finds Judge Reinhart's recommendation to be well reasoned and correct.

The Court therefore concludes that Defendant's Motion for Summary Judgment [ECF No. 17] should be **GRANTED** for the reasons set forth therein.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. The R&R [ECF No. 18] is **ADOPTED**.

2. Defendant's Motion for Summary Judgment [ECF No. 17] is **GRANTED** and the ALJ's decision is **AFFIRMED**.

3. Plaintiff's Motion for Summary Judgment [ECF No. 16] is **DENIED**.

4. The Clerk of Court shall **CLOSE** this case.

CASE NO. 21-80235-CIV-CANNON/Reinhart

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 5th day of April 2022.

                                                                                                          _____
                                                                                                          **AILEEN M. CANNON**
                                                                                                          **UNITED STATES DISTRICT JUDGE**

cc:     counsel of record